IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ALTON CANNON, a/k/a SHARIF M. M. E. BEY, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 10-cv-00274-GMS |
| RICHARD R. COOCH, et al., | ) ) | |
| Defendants. | ) ) ) | |

**MEMORANDUM**

## I.    INTRODUCTION

On April 6, 2010, the plaintiff, Alton Cannon, ("Cannon") filed this lawsuit against the Honorable Richard R. Cooch, and Lieutenant Lee Clough[1] and Corporal Dan Tursi[2] of the Capitol Police Department (the "defendants"). (D.I. 2 at 1.) In his complaint, Cannon seeks an order from this court directing the defendants to give him a copy of the "court order" which bars him from using the law library in the New Castle County Courthouse. (Id. at 7.) Cannon seeks relief under the federal and state Freedom of Information Acts pursuant to 5 U.S.C. §§ 551(1), 552 and DEL. CODE ANN. tit. 29, § 10001 (2010), respectively. Presently before this court is the defendants' motion to dismiss for failure to state a claim for which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (D.I. 11); and the plaintiff's motion for leave to amend his complaint (D.I. 23). For the reasons stated below, the court will grant the defendants' motion to dismiss the complaint and deny the plaintiff's motion for leave to amend the complaint.

---

[1] In his Complaint, Cannon incorrectly identifies Lieutenant Clough as "Lee Cloud."
[2] Similarly, Cannon identifies Corporal Dan Tursi as "Cpl. D. Tursi" in his Complaint.

1

## II.    BACKGROUND

The court takes the following facts from what can be discerned from Cannon's complaint.[3] Cannon alleges that, on or around January 27, 2010, he entered the law library located within the New Castle County Courthouse in order to conduct legal research. (D.I. 2 at 4.) At about 3:45 PM, Corporal Dan Tursi and an unknown member of the Capitol Police Department arrived at the library and told Cannon that he must immediately leave the area. (Id.) When Cannon asked the officers for an explanation as to why he was being "ordered" to exit the library, the officers refused to provide Cannon with a verbal or written copy of the "court order" purportedly handed down by Judge Richard R. Cooch. (Id.) Cannon claims that he has exhausted his remedies in attempting to obtain a copy of the court order barring him from access to the law library and has, thus, filed this action. (Id.)

In his complaint, Cannon avers that the defendants "arbitrarily, maliciously, capriciously, and recklessly disregarded [Cannon's] birthright to use [and] have access to the public law library." (Id. at 5.) He further claims that his being asked to leave the area of the library violates almost all of his constitutional rights. (See id.) Beyond the alleged violations of his constitutionally protected rights, Cannon claims that the defendants' actions are in breach of the Federal and Delaware state Freedom of Information Acts. (D.I. 13 at ¶15.)

## III.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move to dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion, courts "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Fowler v. UPMC*

---

[3] Cannon's complaint is illegibly handwritten and laden with seemingly random citations and disjointed arguments.

*Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)).  A complaint does not need detailed factual allegations, but it must include "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to "give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Conley v. Gibson*, 355 U.S. 41, 47 (1957). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The assumption of truth does not apply, however, to legal conclusions, which is to say that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged – but it has not shown – that a pleader is entitled to relief." *Id.* at 1950 (internal quotations omitted).

When a plaintiff proceeds *pro se*, his pleading is "liberally construed" and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). However, "[t]his [C]ourt must dismiss, at the earliest practicable time, certain *in forma pauperis* actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief." *El Bey v. Delaware*, No. 09-CV-880, 2010 WL 320196, at *1 (D. Del. 2010) (dismissing an action previously filed by this plaintiff in this court). Before dismissing a frivolous complaint for failure to state a claim, the court must grant the plaintiff "leave to amend his complaint unless amendment would be inequitable or futile." *Id.* at *2.

Federal Rule of Civil Procedure 15 permits a party to amend a pleading with consent of the other parties or leave of court at anytime during the proceedings. The rule further provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend should be denied, however, where the amendment is futile. *See Monahan v. City of Wilmington*, No. Civ. A. 00-505, 2004 WL 758342, *1 (D. Del. Jan. 30, 2004). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

## IV.   DISCUSSION

### A. Sovereign Immunity

The defendants have moved to dismiss the plaintiff's claims on the basis that they are immune from federal claims pursuant to the Eleventh Amendment. The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the relief sought. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). In short, the "court and the State have sovereign immunity." *Brooks-McCollum v. Delaware*, 213 Fed. Appx. 92, 94 (3d Cir. 2007) (not reported). This immunity likewise extends to protecting state officials acting in their official capacities. *McKay v. Delaware State Univ.*, No. CIV. A. 99-219-SLR, 2000 WL 1481018, at *10-11 (D. Del. Sept. 29, 2000) (stating that "the Eleventh Amendment bars Section 1983 claims against state entities and state officials sued in their official capacities"); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (noting that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office" and, therefore, "is no different from a suit against the State itself"). A waiver of this immunity will only be found where it is stated "by the most

express language or by such overwhelming implications… as [will] leave no room for any other reasonable construction." *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171 (1909).

Here, the defendants assert that Judge Cooch, Lieutenant Clough, and Corporal Tursi are protected from suit by the doctrine of sovereign immunity. The court agrees. From what can be discerned from Cannon's allegations, each of the defendants was acting in his official capacity when Cannon was asked to leave the law library; Judge Cooch allegedly passed down an order to Clough and Tursi, acting as court security officers, to remove Cannon from the area. Cannon cites a seemingly random series of largely inapposite cases in support of his argument that the defendants lack or waived immunity. Put simply, the holdings of these cases have no relation to the instant matter. (See D.I. 13 at 6-7.) Given that Cannon's claim is void of any factual allegations that the defendants expressly or impliedly waived their sovereign immunity, they are protected from this suit.

### B. Judicial Immunity

"A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006). Further, judges are not liable for their judicial acts "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 336 (1871)). He or she will only be subject to liability when he has acted "in clear absence of all jurisdiction." *Stump*, 435 U.S. at 356-57.

The defendants correctly assert that Judge Cooch is immune from suit under the rule articulated in *Azubuko*. There are absolutely no facts in his Complaint to support Cannon's allegation that Judge Cooch acted in "clear absence of all jurisdiction." ( D.I. 13 at ¶13.) Even

given the benefit of the liberal pleading standard afforded to *pro se* litigants, the facts alleged by Cannon simply do not, except in the most conclusory manner, state a plausible claim against this judicial officer. *See Forrester v. White*, 484 U.S. 219, 227-229 (1988) (explaining that judges are not immune from non-judicial acts, i.e., actions taken out of the judge's judicial capacity). The complaint simply makes the bare, conclusory statement that Judge Cooch "was not acting as a Judge against Alton Cannon by barring [him] from the law library." (D.I. 13 at ¶13.) These unsupported allegations are insufficient to lower the defense of judicial immunity

### C. Federal Freedom of Information Act

Cannon asserts that federal jurisdiction exists in this case pursuant to the Federal Freedom of Information Act ("Federal FOIA"), 5 U.S.C. §§ 551(1), 552. As defined by section 551(1), the Federal FOIA is only applicable to those agencies of the executive branch of the federal government. "Under the thrust and structure of the FOIA, virtually every record of a *federal executive branch agency* must be made available to the public in one form or another...." U.S. Dept. of Justice, Freedom of Info. Act Guide, 2005 WL 6339596, at *1 (2005) (emphasis added).

Clearly, the Superior Court of Delaware is not a federal executive branch agency. Thus, any order given by Judge Cooch to the police officers regarding Cannon's removal from the law library does not come within the purview of the Federal FOIA. As such, the court is without the power to grant the relief that Cannon seeks.

### D. State Freedom of Information Act

Cannon also seeks relief under Delaware's Freedom of Information Act ("Delaware FOIA"). In its Declaration of Policy, the Delaware FOIA states that "it is vital that citizens have easy access to public records in order that the society remain free and democratic." DEL. CODE

6

ANN. tit 29, § 10001 (2011). A public records is any information produced by a public body. *Id.* § 10002(g). In the Delaware FOIA, "public body" is defined as, "any regulatory, administrative, advisory, executive, appointive or legislative body of the State, or of any political subdivision of the State." *Id.* § 10002(c). Neither courts nor any portion of the judiciary are enumerated as a public body in the Delaware FOIA. *See id.* Further, any citizen denied access to public records may seek redress under this Act in a "court of competent jurisdiction for *the county or city* in which the public body ordinarily meets or in which the plaintiff resides." *Id.* § 10005(b) (emphasis added).

The "court order" Judge Cooch handed down to the police officers which required the removal of Cannon from the law library may, or may not, be the type of record to which Cannon is entitled "easy access." Even if it is, the proper venue for Cannon's case is the Superior Court for New Castle County, not the U.S. District of Delaware. Further, it is worth noting that Cannon expressly admitted that Judge Cooch never wrote down the purported order he seeks to obtain. (D.I. 13 at ¶12.) Cannon states, "Richard R. Cooch failed to file any paperwork at the Superior Court such as a court order indicating... any reasons why Alton Cannon is not allowed to enter and use the... law library." (Id.) In sum, even if the Delaware FOIA applies to the facts of this case, this court is not the proper forum for the resolution of Cannon's claims.

### E.    Leave to Amend

Here, amendment of Cannon's complaint would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, III (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976). If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." *Harrison Beverage Co. v. Dribeck Importers, Inc.,* 133 F.RD. 463, 468 (D.N.J. 1990).

In the present case, the plaintiff's proposed amendments are frivolous and legally insufficient on their face, as they fail to, nor could they, state a claim for which this court can grant relief. Given the nature of the relief that Cannon seeks, even the most aptly pled complaint could not meet the requirements articulated by *Twombly* and *Iqbal*.

## V.   CONCLUSION

For the aforementioned reasons, the court will deny the plaintiff's motion for leave to amend the complaint (D.I. 23), and the court will grant the defendants' motion to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (D.I. 11).

Dated: November 28, 2011

CHIEF, UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALTON CANNON, a/k/a<br>SHARIF M. M. E. BEY,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD R. COOCH, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   No. 10-cv-00274-GMS<br>)<br>)<br>)<br>) |

## **ORDER**

For the reasons stated in the accompanying Memorandum, IT IS HEREBY ORDERED that:

1. The defendants' Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (D.I. 11) is GRANTED;
2. the plaintiff's Motion to Amend/Correct the Complaint (D.I. 23) is DENIED;
3. the defendants' Motion to Strike (D.I. 16) is DISMISSED as moot; and
4. the plaintiff's Petition (D.I. 2) is DISMISSED with prejudice.

Dated: November ___, 2011

CHIEF, UNITED STATES DISTRICT JUDGE